ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| MADISON CAPITAL COMPANY, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ACCELA CAPITAL SERVICES, INC., § <br> DENT ZONE ACQUISITION § <br> CORPORATION, and TOM KEFFER § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ <br><br> ꝗ 1558 <br><br> 3-08CV-761-D |

## COMPLAINT

**COMES NOW**, Plaintiff Madison Capital Company, LLC ("Madison" or "Plaintiff"), and files its Original Complaint against Defendants Accela Capital Services, Inc., Dent Zone Acquisition Corporation, and Tom Keffer (collectively "Defendants"). In support of its claims, Plaintiff shows the Court as follows:

### I.
### Parties, Jurisdiction, and Venue

1. Plaintiff Madison Capital Company, LLC, is a Delaware limited liability company whose principal place of business is located at 6143 S. Willow Dr., Suite #200, Greenwood Village, Colorado 80111. Plaintiff Madison is a citizen of the State of Colorado for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

2. Defendant Accela Capital Services, Inc. ("Accela") is a Texas corporation and may be served through its registered agent for service of process, Ann Jensvold, 200 Crescent Court, Suite 60, Dallas, Texas 75201. Defendant Accela's principal place of business is located at 200 Crescent Court, Suite 60, Dallas, Texas 75201. Defendant

Accela is a citizen of the State of Texas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3. Defendant Dent Zone Acquisition Corporation ("Dent Zone") is an unincorporated entity doing business in Texas and may be served through Tom Keffer, 200 Crescent Court, Suite 60, Dallas, Texas 75201. Defendant Dent Zone's principal place of business is located at 200 Crescent Court, Suite 60, Dallas, Texas 75201. Defendant Dent Zone is a citizen of the State of Texas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

4. Defendant Tom Keffer ("Keffer") is an individual residing in Texas and may be served at 200 Crescent Court, Suite 60, Dallas, Texas 75201, or wherever else he may be found. On information and belief, Defendant Tom Keffer is a Texas resident, and his principal place of employment is located at 200 Crescent Court, Suite 60, Dallas, Texas 75201. Defendant Keffer is a citizen of the State of Texas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5. The parties are diverse, and the amount in controversy requirement of $75,000.00 is present. Accordingly, pursuant to 28 USC § 1332(a)(1), jurisdiction is proper in this Court.

6. Venue of this action is proper under 28 U.S.C. § 1391(b) (1) (as a judicial district where any defendant resides) and 28 U.S.C. § 1391(b) (2) (a judicial district in which a substantial part of the events giving rise to the claim occurred).

7. All conditions precedent to instituting this action have been performed or have occurred.

## II.
## Factual Background

8.  In August 2007, Plaintiff offered to provide financing to Dent Zone. On information and belief, Dent Zone is a special purpose entity wholly owned and controlled by Accela and Keffer.

9.  Plaintiff and Dent Zone are parties to that certain letter agreement dated August 24, 2007 (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**. The Agreement set forth the terms and conditions on which Plaintiff, as Lender, would provide a $1.7 million credit facility to Dent Zone, as Borrower. Paragraph 26 of the Agreement specifically provided:

> From the date of acceptance of this proposal through sixty days (60) thereafter, neither the Borrower nor any of its affiliates shall, directly or indirectly, through any person or otherwise, entertain or enter into any agreement with any person or entity other than Madison with respect to any financing transaction, a merger, consolidation, business combination, sale of all or any material portion of the capital stock or assets of the Borrower, or a liquidation, recapitalization or similar extraordinary transaction ("Competing Transaction").
>
> . . . .
>
> If the Transaction does not close because of the refusal of the Borrower to go forward on terms substantially similar to the terms set out in this proposal (or the Borrower violate[s] the "Exclusivity" provisions hereof), then the Borrow shall promptly pay Madison the great of: (i) Seventy-five Thousand Dollars ($ US 75,000) or (ii) one percent (1%) of the total capital to be provided pursuant to this Transaction (the "Break-Up Fee"). The Break-Up Fee is to be increased by the amount of any expenses Madison incurs in collecting the Break-Up Fee.

10.  Defendants accepted the Agreement on August 30, 2007. Despite accepting the Agreement, Dent Zone refused to go forward to close the Transaction (as defined in the Agreement) on terms substantially similar to the terms set out in the Agreement. Instead, Dent Zone closed its contemplated transaction through the use of

financing obtained from another source. Additionally, on information and belief and based upon reasonable inference, Dent Zone violated the exclusivity provisions of the Agreement by communicating with other lenders and sources of capital during the exclusivity period.

11. On April 10, 2008, Plaintiff formally demanded that Dent Zone pay the Break-Up Fee to Plaintiff. A true and correct copy of Plaintiff's April 10, 2008 demand letter is attached hereto as **Exhibit B**.

12. Despite demand, Dent Zone has failed to pay the Break-Up Fee to Plaintiff. The Break-Up Fee, which includes costs of collection such as attorneys' fees, is now due and remains unpaid.

## III.
## Causes of Action

### Count I – Breach of Contract

13. Plaintiff hereby incorporates the foregoing paragraphs by reference.

14. The Agreement constitutes an enforceable contract between Dent Zone and Plaintiff.

15. Plaintiff performed its duties under the Agreement by, without limitation, performing due diligence regarding Defendants and preparing documents necessary to effectuate the Transaction.

16. Defendants breached the Agreement by failing to pay the Break-Up Fee to Plaintiff after (i) the Transaction did not close because of the refusal of Defendants to go forward on terms substantially similar to the terms set out in the Agreement and/or (ii) on information and belief and based upon reasonable inference, Defendants violated the "Exclusivity" provisions of the Agreement.

17. Defendants' breach of the Agreement has resulted in damages to Plaintiff, for which it now sues.

## Count II – Fraud

18. Plaintiff hereby incorporates the foregoing paragraphs by reference.

19. Defendants fraudulently and knowingly made a material misrepresentation to Plaintiff when Defendants promised to pay the Break-Up fee upon the occurrence of the conditions set forth in the Agreement.

20. Defendants' representation that they would pay the Break-Up Fee was false.

21. Defendants' representation that they would pay the Break-Up Fee was material because Plaintiff would not have executed the Agreement if the representation had not been made.

22. When Defendants made the representation regarding the Break-Up Fee, Defendants knew the representation was false, or made the representation recklessly, as a positive assertion, and without knowledge of its truth.

23. Defendants made the representation with the intent that Plaintiff would act on it. Defendants' objective was to defraud Plaintiff and induce Plaintiff into executing the Agreement.

24. Plaintiff reasonably relied on Defendants' intentional misrepresentation by executing the Agreement, performing certain due diligence regarding Defendants, and preparing documents necessary to effectuate the Transaction. Plaintiff also reserved capital that could have been used for other borrowers.

25. Plaintiff was unaware of the falsity of Defendants' intentional representations or omissions and unaware of Defendants' true intent.

26. Defendants' actions constitute fraud and have proximately caused Plaintiff to suffer damages in excess of the minimum jurisdictional limits of the Court, for which Plaintiff now sues.

### Count III – Negligent Misrepresentation

27. Plaintiff hereby incorporates the foregoing paragraphs by reference.

28. Defendants made a representation to Plaintiff that Defendants would pay the Break-Up fee to Plaintiff upon the occurrence of the conditions set forth in the Agreement.

29. Defendants' representation that they would pay the Break-Up Fee was made to Plaintiff in the course of Defendants' business or in a transaction in which Defendants had an interest.

30. Through Defendants' representation that they would pay the Break-Up Fee to Plaintiff, which was false, Defendants supplied false information for the guidance of others, namely, Plaintiff.

31. Defendants did not exercise reasonable care or competence in obtaining or communicating this information to Plaintiff.

32. Plaintiff reasonably relied on Defendants' representation regarding the Break-Up Fee by executing the Agreement, performing certain due diligence regarding Defendants, and preparing documents necessary to effectuate the Transaction. Plaintiff also reserved capital that could have been used for other borrowers.

33. Defendants' actions constitute negligent misrepresentation and have proximately caused Plaintiff to suffer damages in excess of the minimum jurisdictional limits of the Court, for which Plaintiff now sues.

### Count IV – Attorney's Fees

34. Plaintiff hereby incorporates the foregoing paragraphs by reference.

35. Plaintiff has retained the undersigned attorneys to prosecute its claims in this action and collect the amounts due to Plaintiff.

36. Plaintiff is entitled to recover their reasonable attorneys' fees in this action pursuant to the terms of the Agreement, Chapter 38 of the Texas Civil Practice and Remedies Code, and other applicable law.

### Count V – Vicarious Liability

37. Plaintiff hereby incorporates the foregoing paragraphs by reference.

38. Keffer and Accela are vicariously liable for Dent Zone's debt to Plaintiff. Keffer is a director of Accela. Keffer executed the Agreement, purportedly on behalf of Dent Zone and, on information and belief, Keffer is an officer or director of Dent Zone. On information and belief, Accela (directly or through Keffer) had a financial interest in Dent Zone, owns Dent Zone, and controlled Dent Zone at all relevant times.

39. The corporate form of Dent Zone should be disregarded because Accela and Keffer used Dent Zone's corporate form as a sham to perpetuate the fraud set forth in Count II herein.

40. The corporate form of Dent Zone should also be disregarded because Dent Zone was organized and operated as a mere tool or business conduit of Accela and/or Keffer. On information and belief, Accela (directly or through Keffer) had a financial

interest in Dent Zone, owns Dent Zone, and controlled Dent Zone at all relevant times. Accela and Keffer used Dent Zone for improper purposes and have failed to keep Dent Zone's corporate form separate.

41. Holding only Dent Zone liable under these circumstances would result in injustice to Plaintiff because Accela and/or Keffer failed to adequately capitalize Dent Zone for the type of business it was conducting.

42. The corporate form of Dent Zone should also be disregarded because two or more of Accela, Keffer, and Dent Zone constitute a single business enterprise. Accela, Keffer, and/or Dent Zone, among other things, have common employees (including but not limited to Keffer), common offices, and services rendered by employees of one business on behalf of the other business. Plaintiff reserves its right to assert additional causes of action against additional entities or individuals.

43. The corporate form of Dent Zone should also be disregarded because Accela and/or Keffer caused Dent Zone to be used for the purpose of perpetrating and did perpetrate an actual fraud on Plaintiff primarily for the direct personal benefit of Accela and/or Keffer.

WHEREFORE, PREMISES CONSDIERED, Plaintiff respectfully demands a trial by this Court and requests that the Court enter judgment in its favor as follows:

A. Awarding Plaintiff damages as a result of (i) Defendants' breach of contract or (ii) in the alternative, fraud, in the amount of no less than $75,000.00, together with attorneys' fees and costs in prosecuting this

action, court costs and all other fees incurred by Plaintiff in pursuing this collection;

B. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum rate allowable by law; and

C. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of May 2008.

                                      POWELL GOLDSTEIN LLP

                                      By: _____
                                      Keith Miles Aurzada
                                      Tex. Bar No. 24009880
                                      Jay L. Krystinik
                                      Tex. Bar No. 24041279
                                      2200 Ross Avenue, Suite 3300
                                      Dallas, Texas 75201
                                      T: 214-721-8000
                                      F: 214-721-8100

                                      COUNSEL FOR PLAINTIFF MADISON CAPITAL COMPANY, LLC