IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MADISON CAPITAL COMPANY, LLC,  §
                                §
                    Plaintiff,  §
                                §   Civil Action No. 3:08-CV-0761-D
VS.                             §
                                §
ACCELA CAPITAL SERVICES, INC.,  §
et al.,                         §
                                §
                   Defendants.  §

## ORDER

Plaintiff Madison Capital Company, LLC's ("Madison's) complaint, filed May 2, 2008, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of Madison and of defendant Dent Zone Acquisition Company ("Dent Zone").

Madison has failed to properly allege its own citizenship. The complaint avers that Madison is a Delaware limited liability company whose principal place of business is located in Colorado. But it does not allege the citizenship of all of Madison's members. *See* Comp. ¶ 1. Unless Madison can demonstrate that Delaware law is different, a limited liability company should be treated as an unincorporated entity for purposes of determining diversity jurisdiction. "The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (collecting cases). Accordingly, unless Madison can demonstrate that its citizenship is not determined according to the citizenship of all of its members, the citizenship of all members must be pleaded. *See, e.g., Rolling Greens*, 374 F.3d at 1022 ("To sufficiently allege

the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]").

Madison also alleges that Dent Zone is an unincorporated entity whose principal place of business is located in Texas, but it does not allege the citizenship of each Dent Zone member. *See* Comp. ¶ 3. This is insufficient to establish diversity jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (reaffirming longstanding rule that "diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all of the members'"). Accordingly, Madison must properly plead the citizenship of each entity or person that is a member of Dent Zone. *See id.*

Until Madison alleges its citizenship and the citizenship of Dent Zone, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). Accordingly, no later than 20 days from the date of this order, Madison must file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332, by pleading the citizenship of all of its members and of Dent Zone's members; otherwise, this action will be dismissed without prejudice for want of jurisdiction.

**SO ORDERED.**

May 9, 2008.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE